IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

**LAMAR S. HILL,**

    Petitioner,

v.                                                      Civil Action No. **3:12CV174**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Lamar S. Hill, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Richmond, Virginia ("Circuit Court") for possession of crack cocaine with intent to distribute. In his § 2254 Petition, Hill argues entitlement to relief based upon the following claims:[1]

> Claim One: "The Supreme Court of Virginia erred in finding that Hill was not 'in custody' for purposes of Miranda v. Arizona, 384 U.S. 436 (1966) and that the trial court properly denied his motion to suppress" amounting to a due process violation.[2] (Br. Supp. § 2254 Pet. 6.)
>
> Claim Two: "The Supreme Court erred in finding sufficient evidence supported Hill's guilt. Where the evidence was insufficient to prove he intended to distribute the cocaine." (*Id.* at 8.)
>
> Claim Three: The Supreme Court [o]f Virginia erred in finding that the trial court properly allowed the statement

---

[1] Hill lists his claims in bold. The Court removes the emphasis from the quotations to Hill's submissions.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

|  |  |
|---|---|
|  | that Hill "has never used crack," and further erred in finding that Hill failed to demonstrate prejudice, where the Commonwealth did not provide the statement in its written discovery response and this affected trial strategy. This error constitutes a violation of the Fourteenth Amendment of the constitution in regard to due process. |

(*Id.* at 12.)

| Claim Four: | The Supreme Court [o]f Virginia erred in finding that the trial court properly admitted the certificate of analysis and the cocaine where the Commonwealth failed to establish with reasonable assurance or certainty that the drugs analyzed and presented at trial were the same substances and in the same condition as recovered from Hill. This error constitutes a violation of the Fourteenth Amendment of the constitution in regard to due process. |
|---|---|

(*Id.* at 14.)

Respondent moves to dismiss the § 2254 Petition, arguing that: (1) Hill failed to exhaust and procedurally defaulted the due process portions of Claims Three and Four; (2) the remaining portions of Claims Three and Four raise only issues of state law not reviewable here; and, (3) Claims One and Two lack merit. (ECF No. 8, 10.) Hill has responded. (ECF No. 13.) The matter is ripe for disposition. For the reasons discussed below, the Court will dismiss Claim Two for lack of merit, will dismiss the challenges to state law in Claim Three and Four, and will deny without prejudice the Motion to Dismiss as to Claims One, Three, and Four.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Hill of possession of a Schedule I or II controlled substance[3] with the intent to distribute, and sentenced him to ten years, with five

---

[3] While the Circuit Court's judgment fails to list the type of drug, both parties state throughout their submissions that Hill possessed crack cocaine.

2

years suspended. *Commonwealth v. Hill*, CR08–F–2419, at 1–2 (Va. Cir. Ct. Dec. 22, 2009). Hill appealed this decision to the Court of Appeals of Virginia, raising largely the same claims he advances in the instant § 2254 Petition, except that Claims Three and Four in his state appeal merely asserted error under state law. Petition for Appeal at ii, *Hill v. Commonwealth*, No. 0149–10–2 (Va. Ct. App. filed May 25, 2010). Hill failed to argue that the Circuit Court's actions violated his federal constitutional rights with respect to Claims Three and Four. *Id.* The Court of Appeals of Virginia denied the petition for appeal. *Hill v. Commonwealth*, No. 0149–10–2, at 1 (Va. Ct. App. July 21, 2010). Thereafter, a three-judge panel of the Court of Appeals of Virginia also denied the petition. *Hill v. Commonwealth*, No. 0149–10–2, at 1 (Va. Ct. App. Sept. 22, 2010). Hill raised the same claims he advanced in the Court of Appeals of Virginia before the Supreme Court of Virginia. Petition for Appeal 3–4, *Hill v. Commonwealth*, No. 101955 (Va. filed Oct. 18, 2010). The Supreme Court of Virginia refused Hill's subsequent petition for appeal. *Hill v. Commonwealth*, No. 101955, at 1 (Va. Mar. 15, 2011).

Hill filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, but failed to use the statutorily prescribed form for habeas submissions. *See* Va. Code Ann. § 8.01–655(A).[4] In the Table of Contents of the Brief in Support, Hill listed the following Claims Three and Four,[5] stated verbatim here:

> III. Petitioner was denied *due process* because court improperly allowed the statement that Petitioner "has never used crack," and further erred in finding that Petitioner failed to demonstrate prejudice where the Commonwealth did not provide the statement in the written discovery response and this affected trial strategy.

---

[4] The statute provides in relevant part: "Every petition filed by a prisoner seeking a writ of habeas corpus must be filed on the form set forth in subsection B . . . ." Va. Code Ann. § 8.01–655(A).

[5] Respondent only contests the exhaustion of Claims Three and Four, thus the Court finds it unnecessary to recite the other claims here.

3

> IV. Petitioner was denied *due process* when trial court improperly admitted the certificate of analysis and the cocaine where the Commonwealth failed to establish with reasonable assurance or certainty that the drugs analyzed and presented at trial were the same substances and in the same condition as recovered from Petitioner.

Brief in Support of Petition for Writ of Habeas Corpus 1, *Hill v. Dir. Dep't of Corr.*, No. 111860 (Va. filed Oct. 24, 2011) (emphasis added). In the body of his brief, Hill re-listed these claims, but abandoned the due process element of Claims Three and Four. *See id.* at 1, 12, 15. The Supreme Court of Virginia dismissed the petition, finding all of the claims barred by the rule of *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495 (Va. 2003),[6] because the issues were raised or decided in the trial court or on direct appeal. *Hill v. Dir. Dep't of Corr.*, No. 111860, at 1 (Va. Jan. 17, 2012).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may

---

[6] "[A] non-jurisdictional issue raised and decided either in the trial *or* on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." *Henry*, 576 S.E. 2d at 496.

4

not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. SUFFICIENCY OF THE EVIDENCE

In Claim Two, Hill argues that the Supreme Court of Virginia erred in finding that sufficient evidence supported Hill's conviction of possession of crack cocaine with intent to distribute. (Br. Supp § 2254 Pet. 8–11.) A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

The Court of Appeals of Virginia aptly summarized the evidence leading to Hill's arrest as follows:

> At 9:02 p.m. on January 26, 2008, Officer Black and his partner, Officer Custer, effected a traffic stop[7] of a car in which the appellant was a passenger. The location of the stop was a high-crime area. Black smelled the odor of marijuana emanating from the car, so he and Custer had the driver and appellant exit the car. Black detained and handcuffed the driver, and Custer detained and handcuffed appellant. The officers had both men wait at the rear of their car. Detective Phillips arrived shortly after the men were handcuffed. Black and Custer advised Phillips they detected the odor of marijuana.
>
> Phillips had a partner with him, but the partner, Detective Marsh, remained in Phillips' police car and never exited or got involved. Phillips approached appellant and detected a strong odor of marijuana on his person. During a weapons pat down, Phillips felt a small round lump inside appellant's pants near his inside thigh and asked appellant what it was. Appellant said it was a little bag of "hard," which is slang for crack cocaine. Phillips then asked appellant if he (appellant) could retrieve it, which appellant did. The bag appellant removed from his pants contained two plastic baggies, one with a piece of suspected crack cocaine and the other contained suspected marijuana. Fifteen minutes after the traffic stop was initiated, Phillips advised appellant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Hill v. Commonwealth*, No. 0149–10–2, at 2 (Va. Ct. App. July 21, 2010).

In finding sufficient evidence to convict Hill, the Court of Appeals of Virginia explained:

> After being advised of his *Miranda* rights, appellant admitted selling crack cocaine and told [Detective] Phillips "[h]e has never used crack." Appellant said he only sells to "feigns," slang for addicted users, and stated he did so to make money for his family. There was no evidence the police found paraphernalia with which to personally consume the crack cocaine.
>
> . . . .

---

[7] During the exclusion hearing, Detective Phillips testified that a cooperating informant provided information prior to the traffic stop of Hill that Hill possessed contraband. (Mar. 20, 2009 Tr. 10.) Detective Brandon Black also testified that while working patrol he received a phone call to keep an eye out for a vehicle with Hill as passenger and to attempt to make a traffic stop. (Mar. 20, 2009 Tr. 36.) Detective Black observed the vehicle and "[i]t rolled the stop sign" and then "made the right hand turn onto O Street failing to signal." (Mar. 20, 2009 Tr. 36.) Based upon these traffic infractions, Detective Black initiated the traffic stop. (Mar. 20, 2009 Tr. 37.)

> In addition to appellant's admission that he sold crack cocaine and his denial that he consumed it, the police found crack cocaine hidden on appellant's person, and they did not recover any pipes or other paraphernalia suggestive of personal use. That evidence sufficiently corroborated appellant's incriminating admission. Accordingly, the trial court did not err in finding sufficient competent and credible evidence to prove appellant's guilt beyond a reasonable doubt.

*Id.* at 4–5 (second alteration in original). Considering the evidence "in the light most favorable to the prosecution, [a] rational trier of fact could have found" that Hill possessed crack cocaine with the intent to distribute it. *Jackson*, 443 U.S. at 319 (*citing Johnson*, 406 U.S. at 362). Accordingly, the Court will dismiss Claim Two.

## IV. MOTION TO SUPPRESS

In Claim One, Hill contends that the Supreme Court of Virginia erred in finding the Circuit Court properly denied Hill's motion to suppress and finding Hill "was not 'in custody' for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966)." (Br. Supp. § 2254 Pet. 6 (emphasis added).) Hill claims that because the officers smelled marijuana, required Hill to step out of the car, placed Hill in handcuffs, and then asked him about the lump in his pocket, "a reasonable person in his position would believe he or she was indeed in custody." (*Id.* at 7.) Hill argues that when he made the statement "'it was just a little bag of hard,'" he "was in custody." Thus he argues that this statement, made before his formal arrest, "should have been suppressed." (*Id.* at 8.)

In his brief, Respondent provides little more than the legal standard for habeas review of suppression claims. Respondent states that the Court of Appeals of Virginia found the trial court committed no error in denying Hill's motion to suppress and finding Hill was not in custody for purposes of *Miranda*, and that the Court of Appeals' decision was not contrary to or based on an unreasonable application of federal law or an unreasonable interpretation of the facts. (Br. Supp. Mot. Dismiss 10–11.) Respondent cites scant legal authority and argument to support that

7

conclusion.[8] Due to Respondent's insufficient briefing, the Court will deny without prejudice Respondent's motion to dismiss Claim One.

## V. STATE LAW CLAIMS

In Claims Three and Four, Hill alleges a violation of Supreme Court of Virginia Rule 3A:11(b)[9] and challenges an evidentiary ruling regarding the admission of a certificate of analysis based upon state law. Claims resting upon an interpretation of state law provide no basis for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1993) (a determination of the admissibility of evidence is a matter of state law and procedure). Accordingly, the state law portions of Claims Three and Four will be dismissed.

## VI. ALLEGATIONS OF PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of

---

[8] Generally, no *Miranda* custody exists for a person detained as a result of a traffic stop because this type of detention fails to "sufficiently impair [the detained person's] free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights." *See Howes v. Fields*, 132 S. Ct. 1181, 1190 (2012) (alteration in original) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 437 (1984)). The Court declines to make such a determination here due to the limited briefing by Respondent.

[9] The Rule provides in relevant part: "Upon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph" certain documents, reports, and other items. Va. Sup. Ct. R. 3A:11(b).

8

the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for

the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[10] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

**B.     Respondent Fails to Demonstrate Default of Claims Three and Four**

Respondent argues that Hill "defaulted" the due process elements of Claims Three and Four "because Hill never advanced a due process violation in state court." (Br. Supp. Mot. Dismiss 6.) Respondent provides no argument regarding why Hill failed to exhaust Claims Three and Four, and identifies no state law ground that would procedurally bar Hill's claim in state court.

As noted previously, *see* Part I, *supra*, on direct appeal Hill raised versions of Claims Three and Four that relied upon the same underlying facts, but only asserted error under state law. Nevertheless, in his habeas petition filed with the Supreme Court of Virginia and in the Table of Contents of the accompanying brief, Hill clearly included a due process violation as an

---

[10] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

aspect of Claims Three and Four.[11] *See* Petition for Writ of Habeas Corpus ¶¶ 9–10, *Hill v. Dir. Dep't of Corr.*, No. 111860 (Va. filed Oct. 24, 2011); Brief in Support of Petition for Writ of Habeas Corpus 1, *Hill v. Dir. Dep't of Corr.*, No. 111860 (Va. filed Oct. 24, 2011). Although the Supreme Court of Virginia failed to address these claims, Respondent provides no argument regarding why Hill's presentation of the due process claims in his state habeas petition and in the Table of Contents of his accompanying brief failed to fairly present the substance of Hill's claim to the Supreme Court of Virginia. *See Kasi v. Angelone*, 300 F.3d 487, 509 (4th Cir. 2002) ("'[I]t is the petitioner's argument to the court rather than the court's decision that is dispositive'" of the exhaustion issue. (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999))).

Respondent fails to demonstrate that, under these circumstances, Hill should be required to return to state court to exhaust Claims Three and Four, much less that the claims are barred from review here. *See Hicks v. Johnson*, No. 3:09CV413, 2010 WL 3665682, at *2 (E.D. Va. Sept. 9, 2010). Because Respondent fails to meet his burden of proving procedural default, the Court declines to find Claims Three and Four defaulted. Accordingly, the Motion to Dismiss on Claims Three and Four will be denied without prejudice.

## VII. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 8) will be GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Claim Two will be DISMISSED. Respondent will be directed, within thirty (30) days of the date of entry hereof, to

---

[11] The Court notes that Hill misrepresented to the Supreme Court of Virginia that he "raised the four issues of due process in the trial court" and he "presented the four issues of denial of due process to the Virginia Court of Appeals." *See* Petition for Writ of Habeas Corpus ¶ 11, *Hill v. Dir. Dep't of Corr.*, No. 111860 (Va. filed Oct. 24, 2011). This misrepresentation, however, has no bearing on whether he raised the due process claims in the Supreme Court.

file a further response, which may raise any procedural defenses and must address the merits of Hill's remaining claims.

An appropriate Order shall issue.

Date: 3/20/13
Richmond, Virginia

/s/ *John A. Gibney, Jr.*
United States District Judge