IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LAMAR S. HILL,

    Petitioner,

v.                                          Civil Action No. **3:12CV174**

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Lamar S. Hill, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Richmond, Virginia ("Circuit Court") for possession of crack cocaine with intent to distribute. By Memorandum Opinion and Order entered March 20, 2013, the Court dismissed Claim Two and the state law portions of Claims Three and Four, denied Respondent's Motion to Dismiss in part, and ordered Respondent to file further briefing. *Hill v. Clarke*, No. 3:12CV174, 2013 WL 1165256, at *1, *6 (E.D. Va. Mar. 20, 2013). In his remaining three claims, Hill argues entitlement to relief based upon the following:[1]

> Claim One: "The Supreme Court of Virginia erred in finding that Hill was not 'in custody' for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966) and that the trial court properly denied his motion to suppress" amounting to a due process violation.[2] (Br. Supp. § 2254 Pet. 6 (emphasis added).)

---

[1] Hill lists his claims in bold. The Court removes the emphasis from the quotations to Hill's submissions.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Claim Three:     The Supreme Court [o]f Virginia erred in finding that the trial court properly allowed the statement that Hill "has never used crack," and further erred in finding that Hill failed to demonstrate prejudice, where the Commonwealth did not provide the statement in its written discovery response and this affected trial strategy.  This error constitutes a violation of the Fourteenth Amendment of the constitution in regard to due process.

(*Id.* at 12.)

Claim Four:     The Supreme Court [o]f Virginia erred in finding that the trial court properly admitted the certificate of analysis and the cocaine where the Commonwealth failed to establish with reasonable assurance or certainty that the drugs analyzed and presented at trial were the same substances and in the same condition as recovered from Hill.  This error constitutes a violation of the Fourteenth Amendment of the constitution in regard to due process.

(*Id.* at 14.)

Respondent renews his Motion to Dismiss the § 2254 Petition, arguing that:  (1) Hill failed to exhaust and procedurally defaulted the due process portions of Claims Three and Four; (2) and all three claims lack merit.  (ECF Nos. 17, 19.)  Hill has responded.  (ECF No. 21.)  The matter is ripe for disposition.  For the reasons discussed below, the Court will GRANT IN PART and DENY WITHOUT PREJUDICE IN PART Respondent's Motion to Dismiss.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Hill of possession of a Schedule I or II controlled substance[3] with the intent to distribute, and sentenced him to ten years, with five years suspended.  *Commonwealth v. Hill*, CR08-F-2419, at 1-2 (Va. Cir. Ct. Dec. 22, 2009).

---

[3] While the Circuit Court's judgment fails to list the type of drug, both parties state throughout their submissions that Hill possessed crack cocaine.

Hill appealed this decision to the Court of Appeals of Virginia, raising largely the same claims he advances in the instant § 2254 Petition, except that Claims Three and Four in his state appeal merely asserted error under state law.   Petition for Appeal at ii, *Hill v. Commonwealth*, No. 0149–10–2 (Va. Ct. App. filed May 25, 2010).   Hill failed to argue that the Circuit Court's actions violated his federal constitutional rights with respect to Claims Three and Four. *Id.* The Court of Appeals of Virginia denied the petition for appeal. *Hill v. Commonwealth*, No. 0149–10–2, at 1 (Va. Ct. App. July 21, 2010).   Thereafter, a three-judge panel of the Court of Appeals of Virginia also denied the petition.   *Hill v. Commonwealth*, No. 0149–10–2, at 1 (Va. Ct. App. Sept. 22, 2010).   Hill raised the same claims he advanced in the Court of Appeals of Virginia before the Supreme Court of Virginia.   Petition for Appeal 3–4, *Hill v. Commonwealth*, No. 101955 (Va. filed Oct. 18, 2010).   The Supreme Court of Virginia refused Hill's subsequent petition for appeal. *Hill v. Commonwealth*, No. 101955, at 1 (Va. Mar. 15, 2011).

Hill filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, but failed to use the statutorily prescribed form for habeas submissions. *See* Va. Code Ann. § 8.01–655(A) (West 2011).[4] *See* Petition for Writ of Habeas Corpus 1, *Hill v. Dir. Dep't of Corr.*, No. 111860 (Va. filed Oct. 24, 2011).   Hill listed the due process aspect of Claims Three and Four in the Table of Contents of the Brief in Support, but he abandoned the due process element in the body of his brief. *See Hill v. Clarke*, No. 3:12CV174, 2013 WL 1165256, at *1–2 (E.D. Va. Mar. 20, 2013) (citations omitted).   The Supreme Court of Virginia dismissed the petition, finding all of the claims barred by the rule of *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d

---

[4] The statute provides in relevant part: "Every petition filed by a prisoner seeking a writ of habeas corpus must be filed on the form set forth in subsection B . . . ." Va. Code Ann. § 8.01–655(A).

495 (Va. 2003),[5] because the issues were raised or decided in the trial court or on direct appeal. *Hill v. Dir. Dep't of Corr.*, No. 111860, at 1 (Va. Jan. 17, 2012).

As discussed in the March 20, 2013 Memorandum Opinion, Hill raised the due process aspect of Claims Three and Four in his state habeas petition, however, the Supreme Court of Virginia addressed only the state law aspect of those claims. *See Hill*, 2013 WL 1165256, at *4–6. Because Respondent provided limited argument as to whether Hill fairly presented the substance of his claims to the Supreme Court of Virginia, the Court denied without prejudice Respondent's Motion to Dismiss on procedural default grounds. *See id.* Respondent has provided further argument regarding Hill's procedural default of Claims and Three and Four. Nevertheless, due to the clear lack of merit of two of the underlying claims, and in the interests of judicial economy, the Court instead addresses the merits of Hill's claims. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may

---

[5] "[A] non-jurisdictional issue raised and decided either in the trial *or* on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." *Henry*, 576 S.E. 2d at 496.

not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state

court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a

federal court believes the state court's determination was incorrect but whether that

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550

U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III.   SUMMARY OF THE EVIDENCE

The Court of Appeals of Virginia aptly summarized the evidence leading to Hill's arrest

as follows:

> At 9:02 p.m. on January 26, 2008, Officer Black and his partner, Officer
> Custer, effected a traffic stop[6] of a car in which the appellant was a passenger.
> The location of the stop was a high-crime area.  Black smelled the odor of
> marijuana emanating from the car, so he and Custer had the driver and appellant
> exit the car.  Black detained and handcuffed the driver, and Custer detained and
> handcuffed appellant.  The officers had both men wait at the rear of their car.
> Detective Phillips arrived shortly after the men were handcuffed.  Black and
> Custer advised Phillips they detected the odor of marijuana.
>    Phillips had a partner with him, but the partner, Detective Marsh,
> remained in Phillips' police car and never exited or got involved.  Phillips
> approached appellant and detected a strong odor of marijuana on his person.
> During a weapons pat down, Phillips felt a small round lump inside appellant's
> pants near his inside thigh and asked appellant what it was.  Appellant said it was
> a little bag of "hard," which is slang for crack cocaine.  Phillips then asked

---

[6] During the exclusion hearing, Detective Phillips testified that a cooperating informant
provided information prior to the traffic stop of Hill that Hill possessed contraband.  (Mar. 20,
2009 Tr. 10.)  Detective Brandon Black also testified that while working patrol he received a
phone call to keep an eye out for a vehicle with Hill as passenger and to attempt to make a traffic
stop.  (Mar. 20, 2009 Tr. 36.)  Detective Black observed the vehicle and "[i]t rolled the stop
sign" and then "made the right hand turn onto O Street failing to signal." (Mar. 20, 2009 Tr. 36.)
Based upon these traffic infractions, Detective Black initiated the traffic stop.  (Mar. 20, 2009
Tr. 37.)

appellant if he (appellant) could retrieve it, which appellant did.  The bag appellant removed from his pants contained two plastic baggies, one with a piece of suspected crack cocaine and the other contained suspected marijuana.  Fifteen minutes after the traffic stop was initiated, Phillips advised appellant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Hill v. Commonwealth*, No. 0149–10–2, at 2 (Va. Ct. App. July 21, 2010).

In finding sufficient evidence to convict Hill, the Court of Appeals of Virginia explained:

> After being advised of his *Miranda* rights, appellant admitted selling crack cocaine and told [Detective] Phillips "[h]e has never used crack."  Appellant said he only sells to "feigns," slang for addicted users, and stated he did so to make money for his family.  There was no evidence the police found paraphernalia with which to personally consume the crack cocaine.
>
> . . . .
>
> In addition to appellant's admission that he sold crack cocaine and his denial that he consumed it, the police found crack cocaine hidden on appellant's person, and they did not recover any pipes or other paraphernalia suggestive of personal use.  That evidence sufficiently corroborated appellant's incriminating admission.  Accordingly, the trial court did not err in finding sufficient competent and credible evidence to prove appellant's guilt beyond a reasonable doubt.

*Id.* at 4–5 (second alteration in original).

## IV. MOTION TO SUPPRESS

In Claim One, Hill contends that the Supreme Court of Virginia erred in finding the Circuit Court properly denied Hill's motion to suppress and finding Hill "was not 'in custody' for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966)." (Br. Supp. § 2254 Pet. 6 (emphasis added).) Hill claims that because the officers smelled marijuana, required Hill to step out of the car, placed Hill in handcuffs, and then asked him about the lump in his pocket, "a reasonable person in his position would believe he or she was indeed in custody." (*Id.* at 7.) Hill argues that when he made the statement "'it was just a little bag of hard,'" he "was in custody." (*Id.* at 8.) Thus, he argues that this statement, made before his formal arrest, "should have been suppressed." (*Id.*)

6

The Court believes that the interests of justice warrant appointing counsel for Hill before resolving the issue. Accordingly, Respondent's Motion to Dismiss is DENIED WITHOUT PREJUDICE as to Claim One.

## V.   DUE PROCESS CLAIMS

"In federal habeas actions, [the court does] not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in the denial of a constitutionally fair proceeding." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000) (citations omitted). A state court ruling on the admissibility of evidence is cognizable on habeas only when the admission of the evidence itself "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Powell v. Kelly*, 531 F. Supp. 2d 695, 713–14 (E.D. Va. 2008) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

In Claim Three, Hill argues that he was denied due process when the trial court allowed into evidence, over objection, his own statement to Detective Phillips that "[h]e has never used crack," because the Commonwealth failed to include this statement in its written discovery response. (Br. Supp. § 2254 Pet. 12–14; *see* Aug. 18, 2009 Tr. 42–43.) Hill contends that this statement undercut a defense that he possessed the drugs for personal use. (Br. Supp. § 2254 Pet. 14.) Hill fails to demonstrate how admission of this statement into evidence violates due process. Despite the Commonwealth's failure to include Hill's own statement to police in its discovery response, Detective Phillips testified during the suppression hearing that Hill made this statement to him. (Mar. 20, 2009 Tr. 17.) Thus, Hill had notice of the statement more than five months in advance of trial. Hill suggests that "[i]t does not matter that Hill was orally aware of the statement's existence from the motion to suppress" because "he was entitled to have this statement in writing." (Br. Supp. § 2254 Pet. 13.) As Hill knew about his own statement to

police prior to trial, the Circuit Court's admission of the statement was not so extreme as to make his trial unfair. The Circuit Court's evidentiary ruling here fails to violate due process. Claim Three will be DISMISSED.

In Claim Four, Hill contends that the Circuit Court violated due process by admitting "the certificate of analysis and the cocaine where the Commonwealth failed to establish with reasonable assurance or certainty that the drugs analyzed and presented at trial were the same substances and in the same condition as recovered from Hill." (Br. Supp. § 2254 Pet. 14.) During trial, Detective Phillips testified that he maintained control of the package containing the drugs and properly sent it to the labs for testing. (Aug. 18, 2009 Tr. 30–34.) The scientist from the lab also provided testimony accounting for the package. (Aug. 18, 2009 Tr. 15–18, 20–24.) The package obtained from Hill contained two bags, one containing crack cocaine and marijuana residue and one containing only plant material. (Aug. 18, 2009 Tr. 12–14.) The scientist testified that she only tested the bag with cocaine and marijuana residue, and that the bag containing the leafy plant substance, labeled at trial as Commonwealth's Exhibit 1B, was not submitted to the lab. (Aug. 18, 2009 Tr. 12–13, 25.)[7] Hill objected to the fact that the certificate of analysis listed Item "1B" as marijuana residue when the scientist testified that she did not test Commonwealth's Exhibit 1B. (Aug. 18, 2009 Tr. 35–36, 39–40, 50.) The Circuit Court made a factual finding that despite any inconsistent labeling between the exhibits introduced at trial and the items listed on the certificate of analysis, Item 1B on the certificate of analysis was the marijuana residue, tested by the lab, and not the plant material. (Aug. 18. 2009 Tr. 53.) The

---

[7] The scientist explained that Commonwealth's Exhibit 1A at trial contained the crack cocaine and the marijuana residue. The marijuana residue contained in Exhibit 1A was labeled as item 1B in the certificate of analysis. (Aug. 18, 2009 Tr. 25–26). She explained that, the bag marked as Commonwealth's Exhibit "1B is a different item. I've never seen it. I've never tested it." (Aug. 18, 2009 Tr. 26.)

Circuit Court refused to admit the bag containing the plant material, or Commonwealth's Exhibit 1B, because the scientist testified that she never tested the bag and Hill "[was] not charged with anything to do with marijuana." (Aug. 18, 2009 Tr. 53.) The Circuit Court also found that the Commonwealth established an unbroken chain of custody for the drugs. (Aug. 18, 2009 Tr. 38– 39.)

Hill fails to demonstrate any error by the Circuit Court much less an error that would make his trial fundamentally unfair. Moreover, the Commonwealth only charged Hill with the crack cocaine and not marijuana. No confusion existed over the labeling and identification of the crack cocaine. Accordingly, Hill demonstrates no due process violation. Claim Four will be DISMISSED.

## VI.   CONCLUSION

For the foregoing reasons, Respondent's renewed Motion to Dismiss (ECF No. 17) will be GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Claims Three and Four will be DISMISSED. The Court will APPOINT counsel for Hill for further briefing as to Claim One.

An appropriate Final Order shall issue.

/s/ /G./

John A. Gibney, Jr.
United States District Judge

Date: 1/3/14
Richmond, Virginia

9